IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS FOGLE, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-131Erie |
| | ) | |
| v. | ) | District Judge Schwab |
| | ) | |
| CHRISTINE ZIRKLE, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 42] be granted for Plaintiff's failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. Alternatively, this action should be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

By separate Order filed this date, Plaintiff's motion to set trial [ECF No. 55] will be denied.

**II.    REPORT**

    **A.  Relevant History**

Plaintiff, acting *pro se*[1], filed this civil rights action alleging that he received inadequate dental care during his incarceration between October 18, 2013 and December 5, 2013.[2] This

---

[1] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

allegedly inadequate care resulted in needless pain and suffering, as well as the extraction of a tooth. Plaintiff claims the inadequate care violated his Eighth Amendment right to be free from cruel and unusual punishment. The operative complaint in this matter is the Amended Complaint. ECF No. 19. Named as Defendants are: Christine Zirkle, Superintendent Nancy Giroux, and Dr. Craig Tolnay.

Defendants moved for summary judgment, arguing that 1) Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 2) Defendants Giroux and Zirkle had no personal involvement in Plaintiff's dental care, and 3) Plaintiff received appropriate dental care. ECF No. 42.

Plaintiff has filed an opposition brief opposing all of Defendants' arguments. ECF No. 48. As to the exhaustion argument, Plaintiff does not argue that he exhausted, but instead contends that he should be excused from the exhaustion requirement because his efforts at exhaustion were hindered by the Department of Corrections. Such a contention raises factual issues that must be resolved by way of an evidentiary hearing. See Small v. Camden County, 728 F.3d 265 (3d Cir. 2013). Accordingly, this Court conducted such an evidentiary hearing on October 29, 2015. The evidentiary hearing was scheduled by Order dated October 7, 2015, notice of which was mailed to Plaintiff at his address of record. ECF No. 56. Plaintiff failed to attend the hearing and to date Plaintiff has not contacted the Court to explain his absence. Plaintiff's failure in this regard provides the basis upon which dismissal is alternatively recommended.

---

MacDougall, 454 U.S. 364 (1982).Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

[2] Since the filing of this action, Plaintiff has been released from prison.

**B. Failure to Exhaust**

The following are the recommended findings of fact and conclusions of law determined by the hearing of October 27, 2015.

### Recommended Findings of Fact

1) The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee (also known as the Secretary's Office of Inmate Grievances and Appeals, or "SOIGA") within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001). DC-ADM 804(f) – (j) provides that at the Final Review level, a failure to provide all required documentation will result in dismissal of the appeal.

2) Plaintiff's final administrative appeal to the Central Office was returned with instructions to correct his submission in two ways: by attaching a copy of his appeal to the Superintendent and by describing his appeal in no more than two pages. Both of these requirements are prerequisites of an appeal to final review. DC-ADM 804(B)(e) and (g). Plaintiff failed to comply with these requirements and the appeal was dismissed. Defendants move for summary judgement for this failure. Plaintiff countered in an

opposition filing that it is "no fault of Plaintiff" that he did not properly exhaust his administrative remedies because (a) explaining the subject of his appeal takes more than two pages, (b) a final appeal never rules in favor of the inmate, and (c) he could not attach a copy of his institution appeal because a stamped copy of it was never returned to him by the Superintendent. ECF No. 48 at page 11.

3) An evidentiary hearing was held on October 27, 2015, pursuant to Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), to determine whether Plaintiff was thwarted from properly exhausting his administrative remedies by the reasons he listed. Despite being given notice of the hearing at the address provided by Plaintiff – as he had been released from prison in July 2015 – Plaintiff neither appeared as required nor contacted the Court to request an accommodation of time and date. Evidence was received by Defendants through the testimony of Arthur Hilinski and Ronnie Martucci without Plaintiff present.

4) Mr. Helinski testified that he was the Grievance Coordinator during the time period of the action. He testified that an inmate never receives a stamped copy of his written appeal to the Superintendent, and in fact, is instructed to retain a copy of the submission on his own for his records. When an inmate loses a copy, or one is not in the inmate's possession, he may request a copy from the Superintendent, accompanied by cash slips to pay the copying cost. During the time period of the appeal at issue here, Mr. Hilinski testified that Plaintiff never filed a request for a copy of his institution appeal. In addition, he testified that he personally checked Plaintiff's institution account to ensure that he had the necessary funds to pay for the copying, and noted that Plaintiff's account never dipped below $6000.00 during this period.

5) Also testifying for Defendants was Ronnie Martucci. Ms. Martucci is the Superintendent's Assistant, a position she has held for approximately one year. Prior to this position, she was a Sergeant at SCI Albion, having served for a time on F Unit when Plaintiff was housed there. She also testified that an inmate never receives a stamped copy of his institution appeal. She stated that inmates are instructed to retain a copy for their own records, but if they need a copy, they may request one if they pay the copying costs. She also checked Plaintiff's grievance file to confirm that he made no such request in this instance. Ms. Martucci testified that if an inmate complains to SOIGA that he cannot have a copy for his appeal for any reason, including an inability to pay for a copy, SOIGA will contact the institution for one to be sent to them. There is no evidence that Plaintiff made this complaint to SOIGA as Ms. Martucci was never called to provide a copy.

6) Ms. Martucci testified that inmates are well aware of the requirements for a successful final review. The process is laid out in a prisoner handbook that is given to them upon entering the system. It is also in a binder that is kept in the law library. In addition, if any amendments or updates are made to the process or requirements, copies of the update are provided to the prisoners and announced on the closed circuit institution channel available to the prisoners on televisions throughout the facility.

7) Ms. Martucci testified that a printout of all of Plaintiff's grievances during the twenty years he was at SCI Albion, entered into evidence as Defendants' Exhibit #3, demonstrates that Plaintiff understood the requirements for a successful final review as two other grievances had been determined by the Central Office, although neither in his favor. Despite this, Ms. Martucci testified that inmates are regularly successful in their

final appeal, and the institution follows through on those decisions. Similarly, she noted that appeals are also regularly dismissed for failing to keep the appeal to two pages in length, as in this case.

**Recommended Conclusions of Law**

1) The Prison Litigation Reform Act, 42 U.S.§ 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id. The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). The PLRA's exhaustion requirement "is a non-jurisdictional prerequisite." Small v. Camden County, 728 F.3d 265, 270 n.3 (3d Cir. 2013).

2) The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83. See also Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004) (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

6

3) The Third Circuit has been clear that a plaintiff's belief that proper exhaustion will be futile is not an excuse to deviate from the requirements of the PLRA. See Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) ("The exhaustion requirement of the PLRA is a bright-line rule. There is no futility exception to the PLRA."); Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (holding there is no futility exception to the exhaustion requirement of the PLRA).

4) Plaintiff was not thwarted from perfecting his appeal to the Central Office because he could have followed the rules requiring a two-page limitation and attached Superintendent's appeal in a number of ways, and did not do so. This action should be dismissed for Plaintiff's failure to exhaust.

**C. Failure to Prosecute**

Alternatively, this action should be dismissed for Plaintiff's failure to prosecute.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Despite being given notice of the hearing at the address provided by Plaintiff after his release from prison in July 2015, Plaintiff neither appeared as required nor contacted the Court to request an accommodation of time and date. In addition, in the interim of weeks, Plaintiff still has not contacted this Court to explain his absence. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. All of these factors weigh in favor of the dismissal of this action based upon Plaintiff's failure to prosecute.

### III. CONCLUSION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 42] be granted for Plaintiff's failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. Alternatively, this action should be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

By separate Order filed this date, Plaintiff's motion to set trial [ECF No. 55] will be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 22, 2015